Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
02/19/2016 09:22 AM CST

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, relator, v.
PATRICIA GERINGER, RESPONDENT.
___ N.W.2d ___

Filed February 19, 2016.    No. S-16-019.

Original action. Judgment of disbarment.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL,
and STACY, JJ.

PER CURIAM.

## INTRODUCTION

This case is before the court on the voluntary surrender of
license filed by respondent, Patricia Geringer, on January 7,
2016. The court accepts respondent's voluntary surrender of
her license and enters an order of disbarment.

## STATEMENT OF FACTS

Respondent was admitted to the practice of law in the
State of Nebraska on September 19, 1983. On September 1,
2015, the Counsel for Discipline of the Nebraska Supreme
Court filed formal charges against respondent in case No.
S-15-801. The formal charges consisted of three counts against
respondent that generally involved trust account violations
and falsifying documents. The formal charges alleged that
by her actions, respondent violated her oath of office as an
attorney, Neb. Rev. Stat. § 7-104 (Reissue 2012), and several
of the Nebraska Court Rules of Professional Conduct. On

December 1, respondent filed an answer to the formal charges in which she denied allegations of fact set forth in the formal charges. On December 15, a referee was appointed.

On January 7, 2016, respondent filed a voluntary surrender of license, in which she stated that she freely and voluntarily waived her right to notice, appearance, or hearing prior to the entry of an order of disbarment and consented to the entry of an immediate order of disbarment.

## ANALYSIS

Neb. Ct. R. § 3-315 of the disciplinary rules provides in pertinent part:

(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to § 3-315 of the disciplinary rules, we find that respondent has voluntarily surrendered her license to practice law and knowingly does not challenge or contest the truth of the allegations made against her. Further, respondent has waived all proceedings against her in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the court file in this matter, the court finds that respondent freely, knowingly, and voluntarily admitted that she does not contest the allegations being made against her. The court accepts respondent's voluntary surrender of her license to practice law, finds that respondent

should be disbarred, and hereby orders her disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with all terms of Neb. Ct. R. § 3-316 (rev. 2014) of the disciplinary rules, and upon failure to do so, she shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.